IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SALISBURY HOUSE, LLC,

    Plaintiff,

v.

                                              Civil No. 24-3378-BAH

CITIZENS INSURANCE COMPANY OF
AMERICA,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Salisbury House, LLC ("Salisbury House" or "Plaintiff") brought this declaratory judgment action concerning insurance coverage of a wrongful death claim against Citizens Insurance Company of America ("CICA") in the Circuit Court of Maryland for Baltimore County. *See* ECF 2 (state court complaint). CICA removed the action to this Court on November 22, 2024, under 28 U.S.C. §§ 1441 and 1446 based on diversity jurisdiction. ECF 1 (notice of removal).[1] Salisbury house filed a motion to remand, ECF 10, which is now ripe for the Court's review. *See* ECF 16 (CICA's response); ECF 17 (Salisbury House's reply). The motion to remand includes a memorandum of law and exhibits in support. *See* ECFs 10-1 through 10-8; ECF 11 (unredacted filings under seal). CICA's response includes two exhibits in support, ECFs 16-1 and 16-2. Salisbury House's reply also includes exhibits, *see* ECF 17-1 through ECF 17-4 and ECF 18 (unredacted filings under seal).[2] While CICA now concedes that remand is proper, *see* ECF 16,

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

[2] Salisbury House has also filed two motions to seal—(1) a motion to seal its memorandum of law in support of the motion to remand as well as several exhibits, ECF 13, and (2) a motion to seal

at 2, the issue of attorney's fees remains in dispute, *see id.* at 2–3. The Court finds that no hearing is necessary. Loc. R. 105.6 (D. Md. 2023). Accordingly, for the following reasons, Salisbury House's motion to remand is GRANTED and the request for attorney's fees is GRANTED.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court must have subject matter jurisdiction either based on diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332(a)(1).[3] Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy over $75,000. 28 U.S.C. § 1332(a)(1). Federal law grants defendants "[t]he right to remove a case from state to federal court" if a United States district court would have original jurisdiction over the case. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). A federal district court has original diversity jurisdiction "only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). "The presence of [a] nondiverse party automatically destroys original [diversity] jurisdiction . . . ." *Id.* at 389. "If a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in [its] notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citing, e.g., *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008)). "While a defendant

---

Exhibit 4 to the reply, ECF 19—as these documents contain confidential information. Salisbury House filed redacted versions of its memorandum in support of the motion to remand and Exhibit 4 to its reply. ECFs 10-1 and 20. Having received no oppositions to these motions, these motions to seal will be granted.

[3] No party contends that this Court has federal question jurisdiction over this action.

filing a notice of removal under 28 U.S.C. § 1446(a) need only *allege* federal jurisdiction with a short plain statement—just as federal jurisdiction is pleaded in a complaint—when removal is challenged, the removing party bears the burden of *demonstrating* that removal jurisdiction is proper." *Id.* at 297 (emphasis in original) (citing *Ellenburg*, 519 F.3d at 200).

"For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members . . . ." *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Gen. Tech. Applications, Inc. v. Exro Ltda,* 388 F.3d 114, 121 (4th Cir. 2004)); *Capps v. Newmark S. Region, LLC*, 53 F.4th 299, 302 (4th Cir. 2022) ("Because [defendant] is an LLC, wholly owned by another LLC, wholly owned by a limited partnership, a partner of which is another limited partnership, we necessarily trace [defendant's] citizenship through these layered entities.").

"An order remanding the case may require payment of just costs and any actual expenses, including attorney['s] fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "[A]n award of fees under § 1447(c) is left to the district court's discretion," *id.* at 139, but the Court "should be 'faithful to the purposes' of awarding fees under § 1447(c)," *id.* at 141 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1993)). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

Here, CICA's notice of removal asserts that Salisbury House "is a Delaware limited liability company and its principal place of business is 23 Walker Avenue, Baltimore MD 21208," ECF 1, at 2 ¶ 4, but is otherwise silent as to citizenship of the members of Salisbury House. The notice of removal also asserts that "CICA is incorporated in the state of Michigan with its principal place of business located in Massachusetts," *id.* ¶ 5, and that the amount in controversy exceeds $75,000, *id.* ¶ 6.

Salisbury House filed the motion to remand and for attorney's fees on December 13, 2024, arguing that this Court does not have subject matter jurisdiction over the matter as there is not complete diversity because both Salisbury House and CICA are citizens of Massachusetts and that CICA lacked an objectively reasonable basis for removal. ECF 10 (motion); ECF 10-1 (memorandum in support). Salisbury House also asserts that it provided CICA with facts sufficient to conclude two upstream members of Salisbury House are citizens of Massachusetts (thereby destroying diversity) prior to filing the motion to remand and that CICA had still "refused to join Salisbury House in an agreed motion to remand," requiring Salisbury House to file the motion to remand. *See* ECF 10-1, at 2–3. CICA responded to the motion, consenting to the remand based on newly provided declarations, but asserting that attorney's fees were not warranted because CICA acted "in good faith based on all information available to [it] at the time of the removal." ECF 16, at 1. CICA asserts that it did not consent to remand after the motion was filed because the declaration submitted in support of the motion to remand "state[d], in pertinent part, that two (2) individual partners of a limited partnership that is a member of Plaintiff are Massachusetts residents based on their signatures on a P-Unit Certificate executed by these members in 2021." *Id.* at 1–2. According to CICA, "[a]s the [d]eclaration only addressed the residency of these individuals as of 2021, not at the time of removal, CICA sent email correspondence to Plaintiff's

4

counsel requesting confirmation and documentation showing that Plaintiff was a citizen of Massachusetts as of the date of the removal, rather than in 2021." *Id.* at 2. Salisbury House then provided declarations of the two upstream Salisbury House members on January 13 and 14, 2025, which CICA contends "were the first documents provided by Plaintiff showing that there was a lack of diversity," and that such "information was not available to CICA at the time of removal or at the time Plaintiff filed the Motion for Remand." *Id.* Salisbury House replied, arguing that attorney's fees and costs associated with filing the motion were warranted because (1) CICA, as the removing party, bears the burden of establishing this Court's jurisdiction, ECF 17, at 2–3; (2) CICA's "subjective view of its own alleged 'good faith' is not the appropriate standard for deciding whether to award attorney's fees under 28 U.S.C. § 1447(c)," *id.* at 3 (emphasis removed); and (3) CICA did not act in good faith when removing the action to this Court, *id.* at 4–5.

Salisbury House is correct that an objectively reasonable basis for removal, not good faith, is the correct test for determining whether an award of attorney's fees should accompany a remand order. *See Martin*, 546 U.S. at 141; *Hyatt v. Johns*, Civ. No. GJH-16-2912, 2016 WL 8673870, at *3 (D. Md. Oct. 14, 2016) (noting that "[a] showing of bad faith is not required" in determining whether to award attorney's fees upon remand); *see also In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996). Critically, CICA does not even assert that it had an objectively reasonable basis for seeking removal—only that it did not have sufficient information to know that there was no complete diversity until mid-January 2025. *See generally* ECF 16. Further, in the notice of removal, where CICA, as the removing party, must allege jurisdictional facts, CICA failed to allege the citizenship of Salisbury House or its members, instead only asserting that Salisbury House is "a Delaware limited liability company" with a "principal place of business" in Maryland. *See* ECF 1, at 2 ¶ 4. While these facts might be relevant for determining the citizenship of a

corporation, it has long been the case that an LLC's citizenship is determined by the citizenship of its members and that the party asserting federal jurisdiction must allege sufficient jurisdictional facts. *See Moses Enterprises, LLC v. Lexington Ins. Co.*, 66 F.4th 523, 526 n.1 (4th Cir. 2023) (faulting an LLC plaintiff asserting diversity jurisdiction where "the complaint contain[ed] no mention of its members' citizenships" but nevertheless permitting the "'[d]efective allegations of jurisdiction' to 'be amended' on appeal" under 28 U.S.C. § 1653 (quoting 28 U.S.C. § 1653)); *Strawn*, 530 F.3d at 297 (acknowledging the "long-settled principle that places the burden of proof on the removing party"); *Passport Health, LLC v. Avance Health Sys., Inc.*, 823 F. App'x 141, 153 (4th Cir. 2020) ("A party fails to demonstrate diversity jurisdiction, and the court must dismiss the case, where the record does not inform the court of the citizenship of each of the parties." (citing *Clephas v. Fagelson, Shonberger, Payne & Arthur*, 719 F.2d 92, 93–94 (4th Cir. 1983)).

CICA's argument that the proof of citizenship Salisbury House provided was too outdated to establish Salisbury House's Massachusetts citizenship improperly flips the burden. It is CICA, as the removing party asserting federal court jurisdiction, who must affirmatively allege that this Court does indeed have jurisdiction. As CICA readily admits it did not have sufficient information to determine Salisbury House's citizenship at the time of removal and failed to allege sufficient jurisdictional facts in the notice of removal, the Court now finds that CICA did not have an objectively reasonable basis for removal. *See Smith v. Westminster Mgmt., LLC*, 292 F. Supp. 3d 645, 648–49 (D. Md. 2018) ("It would be *unreasonable* for Defendants to have believed that they could assert federal jurisdiction without fully disclosing enough information for the Court to determine citizenship, but it does not appear that Defendants believed as much.").

Having found that CICA did not have an objectively reasonable basis for removal, the Court now turns to its discretionary decision whether to award attorney's fees. *See Beusterien v.*

6

*Icon Clinical Rsch., Inc.*, 517 F. App'x 198, 199 (4th Cir. 2013) (citing *Martin*, 546 U.S. at 139–41)); *id.* (noting that "[t]here is no automatic entitlement to an award of attorney's fees" even when district court finds removal improper (quoting *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000))). Despite counsel for Salisbury House informing defense counsel of Salisbury House's Massachusetts citizenship prior to filing the motion to remand, CICA declined to stipulate to remand. Awarding attorney's fees where CICA asserted diversity jurisdiction without alleging sufficient jurisdictional facts and where CICA declined to stipulate to remand after being confronted with opposing counsel's proffer (and proof, albeit proof dating back to 2021) that there was not complete diversity aligns with § 1447(c)'s purpose to avoid wasteful litigation and disincentivize dilatory tactics. *See Martin*, 546 U.S. at 140; *see also Dot Foods, Inc. v. S. Foods Grp., LLC*, No. 1:10CV707, 2010 WL 4628193, at *2 (M.D.N.C. Nov. 4, 2010) (finding an award of attorney's fees proper where plaintiff's counsel had previously warned defense counsel that removal was improper and defendant still failed to stipulate to remand).

In opposition to the request for attorney's fees, CICA argues only that the removal was not made in bad faith. *See* ECF 16, at 3. But the Court can award attorney's fees absent any bad faith. *See Gibson v. Tinkey*, 822 F. Supp. 347, 349 (S.D. W. Va. 1993) ("The trend among the circuits construing the amended version of § 1447(c), however, is to award attorney fees without reference to a particular state of mind or improper purpose."). While CICA may not necessarily have acted in bad faith or for dilatory purposes, it has long been clear that an LLC's citizenship is determined by its members and that a party asserting jurisdiction has the burden of alleging sufficient jurisdictional facts from which the Court can determine its subject matter jurisdiction. CICA ignored these longstanding principles here, and Salisbury House is entitled to an award of reasonable attorney's fees.

7

However, Salisbury House has not provided the Court with any information to determine what attorney's fees are reasonable here, nor specified the costs for which it seeks reimbursement. Salisbury House must therefore, within fourteen days of this order, file a detailed affidavit supporting the request for costs and reasonable attorney's fees. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009) (listing the factors a court uses to determine whether an attorney's hours and rate of pay are reasonable); *see also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 412 (D. Md. 2014) (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000)) (noting that the rates outlined in Appendix B to this Court's Local Rules are presumptively reasonable).

For the reasons stated herein, it is this 18th day of February 2025, ORDERED that:

(1) Salisbury House's motion to remand, ECF 10, is GRANTED;

(2) Salisbury House's motions to seal, ECFs 13 and 19, are GRANTED;

(3) Salisbury House's request for attorney's fees pursuant to 28 U.S.C. § 1447(c) for improper removal is GRANTED;

(4) The case is REMANDED to the Circuit Court of Maryland for Baltimore County;

(5) The Court RETAINS jurisdiction over the collateral issue of costs and attorney's fees under § 1447(c); and

(6) Salisbury House must SUBMIT a detailed affidavit from which the Court can determine reasonable attorney's fees and costs within fourteen (14) days of this memorandum and order.

/s/
Brendan A. Hurson
United States District Judge

8