IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SALISBURY HOUSE, LLC,     *

    Plaintiff,     *

v.     *    Civil No. 24-3378-BAH

CITIZENS INSURANCE COMPANY OF
AMERICA,     *

    Defendant.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

On February 18, 2025, this Court granted Plaintiff Salisbury House, LLC's ("Salisbury House's" or "Plaintiff's") motion to remand and awarded reasonable attorney's fees to Plaintiff after finding that Defendant Citizens Insurance Company of America ("CICA" or "Defendant") lacked an objectively reasonable basis for removal. *See* ECF 21. On March 4, 2025, Plaintiff's counsel filed a declaration attesting to the attorney's fees incurred in making the motion to remand and seeking $93,122.10 for a total of 111.6 hours of work. *See* ECF 23, at 5–6. On March 13, 2025, CICA filed a motion to reconsider the Court's February 18 memorandum and order granting the award of attorney's fees.[1] *See* ECF 25. Plaintiff opposed, ECF 26, and CICA

---

[1] CICA initially filed the motion on March 10. *See* ECF 24. However, it later refiled the motion under seal on March 13 as it includes confidential information about Plaintiff's upstream members. CICA's opposition is not sealed, nor is the reply, and the Court will not seal this order as it does not contain those sensitive details. To the extent Plaintiff argues fees are warranted as a sanction for CICA's initial unsealed filing of the motion with Plaintiff's confidential information, *see* ECF 26, at 13–14, even if the Court were to find the inadvertent disclosure worthy of sanctions, the Court declines to do so here as Plaintiff has not properly moved for such relief.

filed a reply, ECF 27. Alternatively, CICA requests fourteen days in which to oppose the fee award Plaintiff seeks in ECF 23.[2] *See* ECF 25, at 1.

CICA argues that an award of attorney's fees is not appropriate because it had an objectively reasonable basis for removal and because it did not act with improper purpose in removing the case. *See* ECF 25-1 (memorandum in support of motion), at 7–13. In opposition, Plaintiff contends that CICA's motion to reconsider is untimely under Local Rule 105.10 and is not properly brought under Fed. R. Civ. P. 60 (under which the motion would be timely), ECF 26, at 6–7, that it improperly raises new arguments, *id.* at 8–9, and that CICA nevertheless still did not have an objectively reasonable basis for removal, *id.* at 9–12. CICA, in reply, asserts that the motion is timely under Fed. R. Civ. P. 60, *see* ECF 27, at 2–4, and that it "refrain[ed] from a lengthy briefing in the attorney fee issue in CICA's response to Plaintiff's Motion to Remand" because it "was under the reasonable impression that Plaintiff was not intending to follow through with the claim for attorneys' fees in the Motion for Remand," *id.* at 5.

As a preliminary matter, there is a considerable amount of confusion as to the correct standard for reconsideration on the instant motion. While Local Rule 105.10 permits motions to reconsider (to be filed within fourteen days of the order it seeks to reconsider), the Federal Rules of Civil Procedure do not. *See Bank v. M/V "Mothership"*, 427 F. Supp. 3d 655, 658 (D. Md. 2019) (citing *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011)). However, "to avoid elevating form over substance," the Court has often construed a motion to reconsider "as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b)," depending on

---

[2] CICA also requests a hearing on the motion to reconsider. *See* ECF 28. However, the Court finds no hearing is necessary, especially given that the Court grants CICA's alternative relief for an extension of time to respond to the fee request. *See* Loc. R. 105.6 (D. Md. 2023).

2

when the motion was filed. *Id.* (citing *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278–80 (4th Cir. 2008)); *see also Under Seal 1 v. Under Seal 2*, No. 25-1025, 2025 WL 1144656, at *1 (4th Cir. Apr. 18, 2025) (citing *MLC Auto* for the proposition that "motions to reconsider are categorized based on when they are filed"). The Court may also reconsider non-final orders under Rule 54(b). Fed. R. Civ. P. 54(b); *see also Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 618 (D. Md. 2013).

CICA's memorandum in support of the motion does not cite any of these Federal Rules of Civil Procedure. *See generally* ECF 25-1. The parties disagree on whether the fee award portion of the remand order is a final order bringing it within Rule 60's purview. *See* ECF 26, at 7 (Plaintiff arguing that Rule 60 is inapplicable because the fee order is not a final judgment or order); ECF 27, at 3–4 (CICA arguing in reply that the fee award is a final order). CICA cites *Berrios v. Shin*, 700 F. App'x 222, 223 (4th Cir. 2017) for the proposition that "[a]n order granting attorneys' fees is a final order if it resolves all claims as to all parties." ECF 27, at 3. In *Berrios*, however, the finality of the fee award depended on the finality of the underlying order dismissing the plaintiff's claims, which was, at the time of the appeal, subject to a pending Rule 59(e) motion. *See Berrios*, 700 F. App'x at 223 (dismissing appeal for lack of jurisdiction "[b]ecause the district court vacated its dismissal" order rendering "its order granting [plaintiff's] motion for attorney's fees [] no longer a final order [nor] an immediately appealable collateral order").

A remand order based on one of the two bases enumerated in § 1447(c)—lack of subject matter jurisdiction or defects in removal—is not considered a final appealable order. *See* 28 U.S.C. § 1447(d); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996); *Bryan v. BellSouth Commc'ns, Inc.*, 377 F.3d 424, 428 (4th Cir. 2004); *Barlow v. Colgate Palmolive Co.*,

772 F.3d 1001, 1007–08 (4th Cir. 2014). This case was remanded for lack of subject matter jurisdiction. *See* ECF 21, at 4. Typically, then, remand orders of the type at issue here cannot even be reconsidered by the remanding district court because it lacks jurisdiction. *See Hing v. Hing*, 308 F. App'x 708, 709 (4th Cir. 2009); *Barlow*, 772 F.3d at 1007–08. A fee award accompanying a remand order, however, is a distinct collateral issue over which this Court retains jurisdiction. *See Watson v. Charleston Hous. Auth.*, 83 F. Supp. 2d 709, 711 (S.D. W. Va. 2000) ("Every circuit court of appeal that has considered this issue has concluded that a district court may award fees and costs after the case has been remanded to state court. . . . This view is advanced by the decision in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)." (additional citations omitted)); *cf. Barlow*, 772 F.3d at 1009 (noting that "district courts have jurisdiction to decide Rule 11 sanctions motions on the merits, even when they are filed after the underlying action is remanded to state court").

The rule governing motions to reconsider § 1447(c) fee awards remains unclear as courts considering such motions have done so under all three possible Federal Rules (Rule 54(b), Rule 59(e), and Rule 60(b)). *See Banerjee v. Vivint Solar Dev. LLC*, Civ. No. GJH-20-00674, 2021 WL 4440353, at *3 (D. Md. Sept. 28, 2021) (construing a motion to alter or amend judgment seeking reconsideration of remand and § 1447(c) fee order made under Rules 59 and 60 as a Rule 59(e) motion based on timing), *aff'd*, No. 21-2103, 2022 WL 1619034 (4th Cir. May 23, 2022); *New Mexico v. Valley Meat Co., LLC*, No. CV 14-1100 JB/KBM, 2015 WL 9703255, at *18 (D.N.M. Dec. 14, 2015) (determining, after considerable discussion, that motion to reconsider § 1447(c) fee award was properly considered under Rule 54(b) because the order was interlocutory as "the Court ha[d] not yet entered the amount of costs and fees due"); *Ballantine v. BancorpSouth Bank*, No. 2:17-CV-01441-KOB, 2018 WL 348008, at *5 (N.D. Ala. Jan. 10,

4

2018) (reconsidering denial of attorney's fees on remand pursuant to Rule 60(b)); *Keybank Nat. Ass'n v. Lake Villa Oxford Assocs., LLC*, No. 12-13611, 2013 WL 466197, at *1 (E.D. Mich. Feb. 7, 2013) (denying reconsideration of a § 1447(c) fee award under Rule 60); *Atkison v. Steak & Shake of Hampton, Inc.*, No. 4:05-CV-1507 CAS, 2006 WL 8461284, at *1 (E.D. Mo. Feb. 23, 2006) (denying reconsideration of denial of § 1447(c) fees under Rule 59(e)); *Fathergill v. Rouleau*, No. CIV.A. 3:03-CV-0879-, 2003 WL 22342718, at *1 (N.D. Tex. Oct. 14, 2003) (treating motion to reconsider a § 1447(c) fee award as one filed under Fed. R. Civ. P. 60(b)).

The Court need not resolve the question of whether the fee award is an interlocutory order subject to Rule 54(b) (under which the instant motion would be untimely pursuant to Local Rule 105.10's fourteen-day deadline) or a final order bringing it within the purview of Rule 59(e) or 60(b),[3] as the motion would be denied under either scenario. When considering motions to reconsider, whether brought under Rule 54(b), 59(e), or 60(b), the Court typically permits reconsideration in only three circumstances: (1) where "there has been an intervening change of controlling law," (2) where "new evidence has become available," or (3) where "there is a need to correct a clear error or to prevent manifest injustice."[4] *Robinson v. Wix Filtration Corp. LLC*,

---

[3] While the parties here focus on Rule 60, typically, when a motion to reconsider is filed within twenty-eight days, it is construed as a motion under Rule 59(e). *See MLC Auto.*, 532 F.3d at 277 (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)). Here, CICA filed the first motion (ECF 24) twenty days after the Court's memorandum and order and the corrected sealed motion (ECF 25) twenty-three days after. Thus, to the extent the fee award is a final order, the motion to reconsider would more appropriately be considered under Rule 59(e) rather than 60(b).

[4] "Motions for reconsideration of interlocutory orders [under Rule 54(b)] are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003); *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 256–57 (4th Cir. 2018) (quoting *Carlson v. Boston Sci. Corp.*, 856 F.3d 325 (4th Cir. 2017)). However, "the Fourth Circuit has suggested that the Rule 60(b) standard guides the district court's analysis." *Buettner-Hartsoe v. Balt. Lutheran High Sch. Ass'n*, Civ. No. RDB-20-3132, 2022 WL 4080294, at *2 (D. Md. Sept. 6, 2022) (citing *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.3d 1462, 1472 (4th Cir. 1991)). As noted, even if

599 F.3d 403, 411 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to 'ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" *Crocetti v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018) (internal quotation marks omitted) (quoting *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001)).

The information CICA raises in the motion to reconsider in highlighting its diligent efforts to determine Plaintiff's citizenship was available at the time it filed its response to the motion to remand. Despite the motion to remand arguing that CICA did not have an objectively reasonable basis for removal, as the Court explained in its February 18 memorandum and order, CICA did not ever contend in its response that removal was objectively reasonable. *See* ECF 21, at 5 ("Critically, CICA does not even assert that it had an objectively reasonable basis for seeking removal—only that it did not have sufficient information to know that there was no complete diversity until mid-January 2025."); *see generally* ECF 16. Instead, CICA's entire argument on whether the Court should award attorney's fees was:

> CICA opposes Plaintiff's request for attorney's fees, as Plaintiff provided the information and documentation showing the lack of diversity for the first time on January 13-14, 2025. At the time CICA removed this action, the removal was made in good faith based on the information available to CICA at the time and CICA has consented to the remand upon learning of the citizenship of the limited partners in Plaintiff's upstream member. CICA has acted in good faith and therefore an award of attorney's fees in favor of Plaintiff is not warranted.

ECF 16, at 2–3.

As the Court previously explained, an award of attorney's fees under § 1447(c) does not depend on whether the removing party acted in good or bad faith. *See* ECF 21, at 5 ("Salisbury House is correct that an objectively reasonable basis for removal, not good faith, is the correct

---

the Court were to apply this more flexible standard and find CICA had met it, the present motion would be untimely under Rule 54(b).

test for determining whether an award of attorney's fees should accompany a remand order" (citing *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *Hyatt v. Johns*, Civ. No. GJH-16-2912, 2016 WL 8673870, at *3 (D. Md. Oct. 14, 2016); *In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996))); *see also Watson*, 83 F. Supp. 2d at 712 ("Since the amendment of § 1447(c) in 1988, the trend has been to award fees and costs without reference to a state of mind. Bad faith is not necessary to support an award of fees and costs under § 1447(c)." (citation and footnote omitted)); *LoanCare, LLC v. Paymap, Inc.*, No. 2:20CV540, 2022 WL 22902718, at *3 (E.D. Va. Mar. 1, 2022) ("Bad faith of the party seeking removal is not a requirement for recovery, and good faith does not absolve an unreasonable removal attempt." (citation omitted)). Thus, while the Court appreciates the efforts CICA undertook to determine Plaintiff's citizenship and CICA's representation that it did not remove this action for any dilatory or improper purpose, CICA's good faith does not move the needle under the applicable standard.[5]

Moreover, even if the Court were to consider CICA's argument that it had an objectively reasonable basis to remove the action (which, again, CICA did not raise in its response to the motion to remand), the Court disagrees. CICA's arguments on reconsideration suffer the same flaw as those in its response to the motion to remand: they "improperly flip[] the burden." ECF 21, at 6. CICA contends that "[a]s stated in *Strawn*[ *v. AT & T Mobility LLC*, 530 F.3d 293, 297 (4th Cir. 2008)], CICA needed only to 'allege federal jurisdiction with a short plain statement,' which is what CICA did following its inquiry into the publicly available avenues to determine Plaintiff's citizenship." ECF 25-1, at 9. While true, as the Court previously explained, CICA

---

[5] To the extent CICA argues that "it was shocking that Plaintiff continued to pursue the claim for attorneys' fees by filing a Reply" and that "[h]ad CICA been aware that Plaintiff would continue to seek attorneys' fees even with CICA's consent to the remand, CICA would have submitted additional extensive briefing on the issue of attorneys' fees, which issues were raised in CICA's Motion for Reconsideration," ECF 27, at 5, CICA did not seek the Court's leave to file a surreply or otherwise provide additional briefing.

7

did not properly allege jurisdictional facts in the notice of removal. As to Plaintiff's citizenship, CICA alleged only that "Plaintiff Salisbury House is a Delaware limited liability company and its principal place of business is 23 Walker Avenue, Baltimore MD 21208." ECF 1, at 2 ¶ 4. As the Court previously explained, the principal place of business of a limited liability company like Plaintiff is irrelevant to determine its citizenship. *See* ECF 21, at 6 ("[I]t has long been the case that an LLC's citizenship is determined by the citizenship of its members and that the party asserting federal jurisdiction must allege sufficient jurisdictional facts." (citing *Moses Enterprises, LLC v. Lexington Ins. Co.*, 66 F.4th 523, 526 n.1 (4th Cir. 2023); *Strawn*, 530 F.3d at 297; *Passport Health, LLC v. Avance Health Sys., Inc.*, 823 F. App'x 141, 153 (4th Cir. 2020))). And to the extent CICA faults Plaintiff for "fail[ing] to provide the required corporate disclosures within the timeframe required by the Local Rules that would have shown that there was no diversity, thereby negating any purported need for a Motion for Remand and any costs associated with same," ECF 25-1, at 6 (emphasis removed), Plaintiff's failure to provide corporate disclosures does not absolve CICA of affirmatively pleading jurisdictional facts when it filed the notice of removal. *See Smith v. Westminster Mgmt., LLC*, 292 F. Supp. 3d 645, 648–49 (D. Md. 2018) ("It would be *unreasonable* for Defendants to have believed that they could assert federal jurisdiction without fully disclosing enough information for the Court to determine citizenship, but it does not appear that Defendants believed as much."); ECF 21, at 6 (quoting same).

Because CICA has not demonstrated any basis for doing so, the Court will not reconsider its award of attorney's fees.[6]

---

[6] In reply, CICA highlights the time pressure it felt necessitated removing at the time it did: "A party seeking to remove a case to federal court has a strict 30 day time limit from the time of service to remove the case." ECF 27, at 6. This thirty-day deadline, however, is only applicable

8

However, Plaintiff's request for $93,122.10 based on 111.6 hours of work, which resulted in an 11-page memorandum in support of its motion to remand[7] and a 7-page reply, is unreasonable. Plaintiff will therefore be directed to file a new fee petition seeking a reasonable fee award that is in line with recent fee awards in this Court, reflecting considered billing judgment, and excluding "any hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

The parties are reminded that this Court's authority to award fees under § 1447(c) is discretionary and such awards must be reasonable. *See Martin*, 546 U.S. at 141; *De Paredes v. Zen Nails Studio LLC*, --- F.4th ----, No. 23-2309, 2025 WL 1107398, at *2 (4th Cir. Apr. 15, 2025); *Sachs v. Loeffler*, Civ. No. 24-00067-PX, 2024 WL 4988343, at *1 (D. Md. Dec. 5, 2024). "A request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437. While it may be too late to spare the Court from this scenario, the parties are nonetheless encouraged to attempt to reach an agreement on the fee award amount. In the event no agreement can be reached, CICA may respond to Plaintiff's renewed petition within fourteen days, and Plaintiff may reply fourteen days after that.

---

"where an initial pleading reveals a ground for removal." *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). This general rule envisages the exact scenario CICA faced here:

> Where . . . details [concerning the propriety of removal] are obscured or omitted, or indeed misstated, that circumstance makes the case "*stated* by the initial pleading" not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal, provided that, in diversity cases, no more than a year shall have passed from the date of the initial pleading.

*Id.* (quoting 28 U.S.C. § 1446(b)).

[7] The factual background section totaled about two pages, and the legal argument section about five and a half pages. *See* ECF 10-1, at 3–10.

For the reasons stated herein, it is this 6th day of May 2025, ORDERED that:

(1) Defendant CICA's motion for reconsideration, ECF 25, is DENIED;

(2) Plaintiff is directed to file a renewed petition for attorney's fees within fourteen days of this memorandum and order;

(3) CICA may file a response within fourteen days of the petition; and

(4) Plaintiff may file a reply within fourteen days of any response.

_____/s/_____<br>
Brendan A. Hurson<br>
United States District Judge